UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLOS RIVERA SANTIAGO, *et al.*,

        Plaintiffs,

v.                                       Case No. 8:07-CV-1786-T-27MAP

WM. G. ROE & SONS, INC.,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action under the Fair Labor Standards Act (FLSA) and supplemental state grounds by two foreign nationals who harvested citrus in and around Polk County during the 2006-2007 season for the Defendant. Seeking to maintain a class action on behalf of other similarly situated migrant workers, both Plaintiffs have moved to certify the class (doc. 10). At issue is whether they can meet Fed. R. Civ. P. 23's commonality and typicality requirements. After considering the arguments of the parties, I find this case is similar to others filed in this division where class certification has been approved. Accordingly, I recommend the district judge grant the motion.[1]

*A. Background*

*1. H-2A workers*

The Plaintiffs, both Mexican nationals, were admitted to the United States pursuant to § 101(a)(15)(H)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(H)(ii), which authorizes the importation of foreign nationals to perform seasonal agricultural jobs when U.S.

_____

[1] The district judge, pursuant to 28 U.S.C. § 636 and Local Rule 6.01, referred this matter to me for a report and recommendation. *See* doc. 11.

workers are unavailable.  Such workers are commonly known as "H-2A workers."  As a condition to importing Plaintiffs and other H-2A workers for the 2006-2007 Florida citrus season, Florida Fruit and Vegetable Association ("FFVA") on behalf of the Defendant filed a detailed job description with the United States Department of Labor known as a "clearance order" that described the job terms. Among the specific job terms incorporated in FFVA's clearance order were promises that the Defendant would comply with applicable state minimum wage laws as required by 20 C.F.R. § 653.501(d)(4) and with the federal regulations, including assurances that workers would be paid applicable adverse effect wage rate of $8.56 per hour for all hours worked.  The Defendant also promised to keep and maintain accurate records with respect to the workers' earnings and hours worked and to furnish workers on or before each pay day with written statements showing the hours actually worked and the total earnings for the period.  The clearance order further specified that the Defendant's workers would be guaranteed employment for at least three-fourths of the workdays covered by the clearance order, including any extensions, and if this amount of work was not offered, the worker would be paid the amount he would have earned had he worked for the guaranteed number of days as required by 20 C.F.R. § 655.103.  The United States Department of Labor ultimately approved the temporary labor certification application filed on behalf of the Defendant for the 2006-2007 Florida citrus harvest season, and the clearance order served as the work contract between the Defendant and its H-2A workers, including Plaintiffs in accordance with 20 C.F.R. § 655.102(b)(14).

      *2.  the complaint*

The complaint lists four counts: (1) an FLSA claim for declaratory relief and damages for violations of the minimum wage; (2) damages for violations of the minimum wage provisions of the

Florida Constitution, Article X, § 24; (3) claims arising the breaches of the contracts (the clearance order); and (4) and Plaintiff Rivera Santiago's breach of contract claim arising from his termination on January 16, 2007.  Just the second and third counts are the subjects of the class action.  More particularly, the Plaintiffs allege that the Defendant breached the terms of the clearance order by failing to supplement their piece rate earnings as required by the clearance order and 20 C.F.R. § 655.102(b)(9)(ii)(A), so as to ensure that their pay period earnings were at least equal to the adverse effect wage rate.  This result, according to the Plaintiffs, stemmed in part from the Defendant's failure to credit the Plaintiffs and their co-workers with all of the compensable hours for which they were employed.  Further, Plaintiffs contend that the Defendant failed to supplement the piece rate earnings as required by the clearance order and 29 C.F.R. § 776.5, so as to ensure that its workers' pay period earnings were at least equal to the minimum wage required by FLSA and the minimum wage provisions of the Florida Constitution.  Moreover, the Defendant failed to reimburse Plaintiffs and their co-workers during the first week of work for the pre-employment expenses and failed to keep accurate records of hours of work as required by 20 C.F.R. § 655.102(b)(7).  Plaintiffs' hours and earning statements did not accurately reflect the hours actually worked and failed to meet the requirements of 20 C.F.R. § 655.102(b)(8).

The Plaintiffs, like the other anticipated eighty-two members of the class, maintain their permanent residences Mexico.  All lack proficiency in English.  All incurred pre-employment expenses primarily for the benefit of the Defendant, including hiring fees, visa and passport purchases and issuance fees, expenses for entry documents and expenses for travel to the Defendant's job site.  All were paid on a piece-rate basis for their work with earnings on occasion totaling less than the amount due under the applicable adverse effect wage rate, 20 C.F.R. § 206(a),

and the minimum wage provisions of the Florida Constitution.

*B. Discussion*

*1. standing*

As a prerequisite to certification, the putative class representatives must have Article III standing to pursue to claims on which class-related relief is sought. Among other things, the class representatives' claims must be viable rather than moot. *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1287 (11th Cir. 2001). Defendant challenges the named Plaintiffs' ability to represent the entire class of workers who may have been employed at different times, in different work locations, and under the supervision of different crew leaders. However, Plaintiffs, employed as H-2A workers by Defendant during the 2006-2007 citrus harvest season, were subject to the same contractual breaches that form the basis for the claims raised in counts two and three of the complaint; consequently, they have standing to represent their fellow co-workers in this action.

*2. Rule 23(a) requirements*

Rule 23(a) lists the prerequisites to a class action:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Aside from satisfying these elements, Plaintiffs must also prove that the proposed class properly falls into one of the three subsections of Rule 23(b). *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 614 (1997). Questions concerning class certification are left to the sound discretion of the district court. *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1569 (11th Cir. 1992). And although the Plaintiffs' substantive allegations are accepted as true, the burden rests with them to prove all of the requirements of Rule 23. In sum, the Court may certify a class action only after

4

conducting a "rigorous analysis" to ensure that all of the requirements of Rule 23 are satisfied. *General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982); *Hudson v. Delta Air Lines, Inc.,* 90 F.3d 451, 456 (11th Cir. 1996); *Gilchrist v. Bolger*, 733 F.2d 1551, 1556 (11th Cir. 1984); *Edmonds v. Levine*, 233 F.R.D. 638, 640 (S.D. Fla. 2006) (citing *In re Carbon Dioxide Antitrust Litigation*, 149 F.R.D. 299, 232 (M.D. Fla. 1993). Since the Defendant concedes the class is sufficiently numerous and the Plaintiffs can adequately represent the class, only commonality and typicality remain for Rule 23(a) consideration. *See* doc. 12 at p. 2.

### a.  commonality

Notably, the burden of demonstrating commonality under Rule 23(a)(2) is far less stringent that the commonality requirement of Rule 23(b)(3). *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997) ("Rule 23(a)(2)'s 'commonality' requirement is subsumed under, or superseded by, the more stringent Rule 23(b)(3) requirement that questions common to the class 'predominate over' other questions"). It is not necessary that all class members have identical claims. Commonality, like typicality, focuses on "whether a sufficient nexus exists between the legal claims of the named class representatives and those of individual class members." *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1278 (11th Cir. 2000) (finding it is not necessary for all members of class to have identical claims).

In this case, Plaintiffs assert common questions of fact among all class members. All are H-2A workers who the Defendant employed for the 2006-2007 citrus harvest. The core issues as to all are whether Defendant breached the terms of the clearance order by failing to pay the class members wages as mandated by their employment contracts, the H-2A regulations, and the required minimum wage provisions of the Florida Constitution. *See* complaint ¶13. The Plaintiffs'

substantive allegations, which must be accepted as true, demonstrate a sufficient nexus between their claims and the claims of the class members thereby satisfying the commonality requirement of Rule 23(a).  Indeed, Plaintiffs' claims are remarkably similar to those made in other cases filed in this division by H-2A workers where the assigned district judge concluded they had met Rule 23(a)'s commonality demands.

> ### b.  typicality

Typicality requires that a class representative "possess the same interest and suffer the same injury as the class members."  *Cooper v. Southern Co.*, 390 F.3d 695, 713 (11th Cir.  2004).  The typicality requirement tends to merge with the commonality requirement of Rule 23(a)(2).  *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1569 n.8 (11th Cir. 1992).  Moreover, "[t]he typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members." *Id.*  Thus, courts have found that a strong similarity of legal theories will satisfy the typicality requirement despite substantial factual differences.  *Id.*

As to this point, the Plaintiffs argue Defendant failed to comply with its contractual promises because of its failure to reimburse the Plaintiffs and other H-2A workers for their pre-employment expenses and to pay required wages.   *See* complaint ¶¶ 29-30, 36.  The Plaintiffs' claims are identical to the class members' claims in all relevant respects:  the class-based claims arise from the same conduct as Plaintiffs' claims and are based on the same legal theories as the Plaintiffs' claims.  As such, Plaintiffs meet Rule 23(a)'s typicality requirement.

> ### 2.  Rule 23(b) requirements

Since Plaintiffs satisfied the requirements of numerosity, commonality, typicality, and

adequacy of representation, the next question is what type of class action should be certified, if any. The Plaintiffs pursue certification under Rule 23(b)(3).   Under this subsection, a class may be certified if "questions of law or fact common to the members of the class predominate" over any other questions that only affect individual plaintiffs.   The predominance inquiry focuses on "the legal or factual questions that qualify each class member's case as a genuine controversy," and is "far more demanding" than Rule 23(a)'s commonality requirement.  *Amchem Products, Inc., supra,* 521 U.S. at 623-24.   A class action must also be "superior to other available methods for the fair and efficient adjudication of the controversy."   "In other words, 'the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof.'"  *Kerr v. City of West Palm Beach*, 875 F.2d 1546, 1557-58 (11th Cir. 1989) (quoting *Nichols v. Mobile Bd. of Realtors, Inc*., 675 F.2d 671, 676 (5th Cir. 1982)).

Satisfying Rule 23(b)(3)'s superiority requirement depends on four factors: (1)  the interest of members of the class in controlling the prosecution or defense of separate actions; (2)  the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (3)  the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (4)  the difficulties likely to be encountered in the management of a class action.  *See* Rule 23(b)(3)(A)-(D).   As to the first factor, Plaintiffs assert it is extremely unlikely that the individual class members have any interest in instituting or controlling their own actions because their permanent homes are in Mexico, they lack a proficiency in English, they are indigent, and have a relatively small amount of recovery individually.  *See Silva-Arriaga v. Texas Exp., Inc.*, 222 F.R.D. 684, 691 (M.D. Fla. 2004) ("Given their limited English skills and limited understanding of

the legal system, along with the fact that few live permanently within the Middle District of Florida, it is highly unlikely that the individual plaintiffs would pursue litigation if class certification were not allowed").  As to the second factor, the Plaintiffs allege that no other lawsuits have been filed relating to the same issues raised in this matter.  *See* complaint ¶ 17(c).  As to the third factor, Plaintiffs assert it is desirable to conduct this litigation in this forum.  Defendant operates in this district and regularly conducts business here.  Many of the records and evidence pertaining to the class members' employment during the 2006-2007 citrus harvest are located in this district.  *See Figueroa-Cardona v. Sorrells Bros. Packing Co., Inc.,* 2007 WL 672303 (M.D. Fla. 2007) (the Middle District is the most favorable forum for litigating the claims when the defendant and the relevant employment records are located here); *Saur v. Snappy Apple Farms, Inc.*, 203 F.R.D. 281, 287 (W.D. Mich. 2001) (the district containing the defendant's farm is the "logical home for this suit").  As to the final factor, while every class presents administrative difficulties, the benefits of maintaining this action on a class basis far outweigh the administrative burdens.  The class members' claims are predicated on a common set of facts and concern the same employment contract.  It will be unnecessary to hear testimony from every individual class member.  Hence, the speculative administrative hurdles are not sufficient to preclude class certification.  *See Klay v. Humana, Inc.*, 382 F.3d 1241, 1272-73 (11th Cir. 2004).

    *3.  notice*

The Plaintiffs propose the following notice:

> All individuals admitted to the United States pursuant to Section 101(a)(15)(H)(ii)(a) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(H)(ii)(a) ("H-2A workers") who were employed by Wm. G. Roe & Sons, Inc. to pick citrus fruit during the 2006-2007 Florida citrus harvest.

The class applies only to counts one and two of the complaint and is believed to include

approximately 82 individuals who are dispersed geographically and lack proficiency in the English language. *See* doc. 1, p. 3. Accordingly, Plaintiffs should be directed to file a motion for this Court's approval of a proposed class notice to be served on each of the members of the class via United States Mail, at each class member's permanent address. Defendant should be directed to provide Plaintiffs with the names and addresses of putative class members as reflected in any payroll records. After the Court's approval, the notice shall be served in both English and Spanish languages.

### C. Conclusion

This case is remarkably similar to others filed in this district by H-2A workers seeking class certification. *See* 8:07-cv-1804-T-26EAJ, *Castillo v. N &R Services of Central Florida, Inc.,* Order granting class certification (doc. 16); 8:07-cv-1803-T-26MAP, *Olamendi v. Garcia d/b/a C. Garcia Harvesting,* 8:07-cv-1803-T-26MAP, Order granting class certification (doc. 13); *Figueroa-Cardona v. Sorrells Bros. Packing Co.*, 2:05-cv-601-FTM-99SPC, 2007 WL 672303 (M.D. Fla. Feb. 14, 2007) (similar cases involving H-2A workers finding commonality requirement and granting class certification). Persuaded by these cases and the Plaintiffs' arguments, it is hereby

RECOMMENDED:

1. Plaintiffs' first motion to certify class (doc. 10) be GRANTED;

2. Plaintiffs be directed to prepare and file with the Court a proposed notice to be sent to the individual members of the class by a date certain. In the event Plaintiffs and Defendant cannot agree

on the form of the notice, Defendant shall file with the Court any objections by a date certain.

IT IS SO REPORTED in chambers at Tampa, Florida this 15th day of May, 2008.


*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE


## NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the district court of issues covered in the report. It shall also bar the party from attacking on appeal the factual findings in the report accepted or adopted by the district court except upon grounds of plain error or manifest injustice.  28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) (*en banc*).

cc:     Hon. James D. Whittemore
        Counsel of Record