UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLOS RIVERA SANTIAGO and
PAULO JOAQUIN SERRANO MORALES,
individually and on behalf of all other persons
similarly situated,

                Plaintiffs,

vs.                                           Case No. 8:07-CV-1786-T-27MAP

WM. G. ROE & SONS, INC.,

                Defendant.
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation submitted by the Magistrate Judge (Dkt. 14) recommending that Plaintiffs' Motion for Declaration of a Class Action (Dkt. 10) be granted. No party has filed objections to the Report and Recommendation and the time for doing so has expired.

In the Report and Recommendation, the Magistrate Judge recommends class certification be granted for Plaintiffs' state law claims for breach of contract (Count III) and violation of the Florida minimum wage law (Count II). Plaintiffs do not seek class certification for the FLSA claim (Count I), and Plaintiff Carlos Santiago brings an individual breach of contract claim (Count IV). Under these circumstances, this Court finds it appropriate to assess supplemental jurisdiction *sua sponte*. *Lucero v. Trosch*, 121 F.3d 591, 598 (11th Cir. 1997) (court may raise supplemental jurisdiction *sua sponte*).

Pursuant to 28 U.S.C.§ 1367(a), federal courts possess the power to exercise supplemental

1

jurisdiction over "all state claims which arise out of a common nucleus of operative fact with a substantial federal claim." *Lucero*, 121 F.3d at 597. Nonetheless, a court may decline to exercise jurisdiction when:

> (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. 1367(c); *id.*

As set forth below, Plaintiffs' state law claims substantially predominate over the Plaintiffs' FLSA claim.

In Count I, the two named Plaintiffs individually claim that Defendant failed to supplement their piece-rate earnings so as to equal or exceed the federal minimum wage and failed to reimburse Plaintiffs for pre-employment expenses. (Dkt. 1, ¶¶ 38-40). In Count II, Plaintiffs bring a putative class action for violation of the minimum wage provision of the Florida Constitution, which is higher than the federal minimum wage. *See* Fla. Const. Art. 10, § 24 (setting minimum wage at $6.15 and providing for annual increases). (Dkt. 1, ¶ 43). In Count III, Plaintiffs bring a putative class action for breach of contract pursuant to state law based on Defendant's alleged breaches of the Plaintiffs' clearance orders. (Dkt. 1, ¶ 45). The alleged breaches include: failure to pay the applicable adverse effect wage rate of $8.56, failure to pay the Florida minimum wage, failure to maintain accurate payroll records and to furnish accurate wage statements, and failure to reimburse inbound and outbound travel. (Dkt. 1, ¶¶ 19, 47, 51). In Count IV, Plaintiff Carlos Santiago asserts a breach of contract claim based on his early termination for low productivity. (Dkt. 1, ¶¶ 34, 54-55).

Substantial predominance exists "when it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage." *Parker v. Scrap Metal Processors, Inc.*,

468 F.3d 733, 744 (11th Cir. 2006); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 727 (1966). For instance, state issues may predominate "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought." *Gibbs*, 383 U.S. at 726-27.

As an initial matter, the scope of the issues raised by the state law breach of contract claims is considerably broader than the FLSA claim, as it will require application of Florida contract principles, including Defendant's affirmative defenses. *See e.g., Arriaga v. Fla. Pacific Farms, L.L.C.*, 305 F.3d 1228, 1246 (11th Cir. 2002). In addition, the more comprehensive remedy is sought under the state law claims, which seek to recover payment of the Florida minimum wage and adverse effect wage, both of which are higher than the claimed federal minimum wage.

The Court also considers the fact that Plaintiffs are pursuing only state law class claims. In a similar case, the Third Circuit Court of Appeals noted:

> Predomination under section 1367 generally goes to the type of claim, not the number of parties involved. But the disparity in numbers of similarly situated plaintiffs may be so great that it becomes dispositive by transforming the action to a substantial degree, by causing the federal tail represented by a comparatively small number of plaintiffs to wag what is in substance a state dog.

*De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 311 (3d Cir. 2003) (FLSA opt-in class had 447 prospective members while state law class action had 4,100). Similarly, in this case, there are eighty-two prospective members of the state law class, far exceeding the scope of the federal claim, for which there are only two Plaintiffs.

Because Plaintiffs' state law claims involve a greater number of issues and the more comprehensive remedy and due to the Magistrate Judge's recommendation to certify the state law claims for class action status -- to which no party has objected -- it appears that Plaintiffs' state law claims are the real body of this case, to which the FLSA claim is only an appendage. *Parker*, 468 F.3d at 744.

3

Based on the foregoing, the Court finds that it is appropriate to decline supplemental jurisdiction over the state law claims. Accordingly, it is **ORDERED AND ADJUDGED** that Counts II, III, and IV are **DISMISSED WITHOUT PREJUDICE**. Pursuant to 28 U.S.C. § 1367(d), the limitations period for the claims asserted is tolled for a period of 30 days after the date of this Order.[1]

**DONE AND ORDERED** in Tampa, Florida, on this 28th day of July, 2008.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record

---

[1] The Court makes no ruling on Plaintiffs' Motion for Declaration of a Class Action (Dkt. 10).