## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**CARLOS RIVERA SANTIAGO, et al.,**

        **Plaintiffs,**

vs.                                         **Case No. 8:07-cv-1786-T-27MAP**

**WM. G. ROE & SONS, INC.,**

        **Defendant.**

_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation of the magistrate judge recommending that Plaintiffs' Amended Application for Award of Attorney's Fees and Litigation Expenses Pursuant to 29 U.S.C. § 216(b) (Dkt. 73) be granted in part. The magistrate judge recommends an award of attorneys' fees of $14,382.50 and that costs of $14,149.54 be taxed, less $1,000.00 in costs included in the approved settlement agreement (Dkt. 73, p. 13).[1] The court has conducted a *de novo* review and determination of those portions of the proposed findings and recommendations to which objection has been made by conducting an independent consideration of the magistrate judge's findings and conclusions. 28 U.S.C. § 636(b)(1)(C). *Macort v. Prem, Inc.*, 208 F. App'x. 781, 783 (11th Cir. 2006). The court may "accept, reject, or modify in whole or in

---

[1] The parties settled Plaintiffs' "under-reporting claims." Defendant agreed to compensate Plaintiffs for hours worked as well as a component of both costs and attorney's fees associated with this distinct claim (Dkt. 48). Summary judgment in favor of Plaintiffs on their pre-employment expenses reimbursement claims (*Arriaga* claims) was granted in part (Dkt. 49). Plaintiffs dismissed their remaining *Arriaga* claims (Dkt. 57).

part, the findings or recommendations made by the magistrate [judge]." *Id.* at 784 (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989). Except as discussed below, the Report and Recommendation is approved.

Plaintiffs object to the recommended taxable costs in the Report and Recommendation, contending that the following expenses should also be taxed: (1) "$1,720.40 in expenses for the Defendants' counsel to attend depositions in Mexico," (2) Plaintiffs' share of the mediation fees, (3) the videographer's fees and expenses of $12,850.46, and (4) the interpreter's travel expenses.[2] Defendant has not responded to Plaintiffs' objections.

The FLSA provides that "costs of the action" may be allowed to the Plaintiffs. 29 U.S.C. § 216(b). Taxable expenses in FLSA cases are those allowed in 28 U.S.C. §§ 1821, 1920.[3] *Perez v. Carey Int'l, Inc.*, No. 08-16115, 2010 WL 1408288, (11th Cir. Apr. 9, 2010) (citing *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987)) ("[Section 1920] enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). Section 1920

---

[2] Plaintiffs do not object to the recommended attorney's fee award.

[3] Title 28 U.S.C. § 1920 provides that a federal court may tax as costs against the losing party:

"(1) Fees of the clerk and marshal;
"(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
"(3) Fees and disbursements for printing and witnesses;
"(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
"(5) Docket fees under section 1923 of this title;
"(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party."); *Glenn v. General Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988) ("[N]othing in the legislative history associated with Section 216(b)'s passage suggests that Congress intended the term 'costs of the action" to differ from those costs as now enumerated in 28 U.S.C. § 1920."), *cert. denied*, 488 U.S. 948 (1988).

**Defense counsel's travel expenses**

Plaintiffs, residents of Mexico, faced certain logistical difficulties in returning to the United States for their depositions. The parties anticipated that travel to Mexico would likely be required for depositions and Defendant maintained in the parties' Case Management Report that "Plaintiffs must be required to pay for the reasonable travel and subsistence expenses of Defendant's legal counsel due to Plaintiffs' and putative class members' refusal to appear within the geographical boundaries of the Middle District of Florida for deposition, as required by Local Rule 3.04(b)." (Dkt. 6, ¶ 5). According to Plaintiffs, "[i]n order to avoid a stalemate over the deposition site, the Plaintiffs' counsel agreed to pay for the cost of defendant's attorney to travel to Mexico for the depositions" (Dkt. 74, p. 4). This was an apparent accommodation to the defense attorneys, who preferred to depose the Plaintiffs in the forum in which suit was filed.

The cases Plaintiffs rely on in support of their objection do not support the taxing of travel expenses of opposing counsel advanced by the prevailing party, as opposed to the prevailing parties' counsel's own travel expenses. Simply put, 28 U.S.C. § 1920 does not list opposing counsel's travel expenses as a reimbursable expense. Plaintiffs' objections are accordingly overruled.

**Mediation fees**

The parties participated in court ordered mediation. Mediation fees and expenses are

3

likewise not listed as a recoverable cost in § 1920. *Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 F. App'x. 837, 846 (11th Cir. 2008) (mediation expenses not recoverable under 28 U.S.C. § 1920). Moreover, even if taxable as a matter of discretion, this court generally does not tax mediation expenses, reasoning that those expenses should be shared equally by the parties to promote good faith mediation without financial concerns for the costs of resolving a case. Like a special master's fees, the parties in an FLSA action should equally bear the expense of mediation. *See Perez v. Carey Int'l, Inc., supra. Cf. Osahar v. U.S. Postal Serv.,* 136 F. App'x. 259, 261 (11th Cir. 2005) (no abuse of discretion in taxing costs of mediation), *cert. denied*, 546 U.S. 822 (2005).

**Videographer's compensation**

Plaintiffs seek reimbursement for expenses associated with videotaping the depositions of the named Plaintiffs and a number of non-party witnesses in Mexico. Those expenses include the videographer's fees ($9,857.15), travel expenses ($1,435.81), and the charge for converting the videotapes into a format for use at trial ($1,567.50). Plaintiffs noticed the depositions to be videotaped and Defendant interposed no objection. Accordingly, it is generally appropriate under § 1920 to tax the costs of conducting the depositions in the manner noticed, as Defendant concedes. *Morrison v. Reichold Chems., Inc.*, 97 F.3d 460, 465 (11th Cir. 1996). Defendant objects to these costs being taxed, however, contending that the depositions were never used at trial and it was unnecessary to have the depositions videotaped, including those of putative class members.

At the time these depositions were noticed, the case involved two named Plaintiffs (Rivera Santiago and Serrano Morales), who asserted individual FLSA claims and certain state law claims. Plaintiffs sought class certification on the state law claims (Dkt. 10). Notwithstanding that the

4

motion for class certification had not yet been ruled on by the district court (the magistrate judge had recommended that the motion be granted (Dkt. 14)), Plaintiffs noticed the depositions of putative class members. According to the invoices of the videographer, 27 individuals were deposed in Mexico, including the two named Plaintiffs (Dkt. 58).

While the initial depositions were being taken on July 28, 2008, Plaintiffs' state law claims were dismissed, essentially rendering the state law class certification motion moot (Dkt. 17). The noticed depositions for July 28, 29, and 30, 2008 were completed. The attorneys and videographer returned to Mexico in August and completed additional depositions on August 20 and 21, 2008. Well after the depositions were taken, Plaintiffs sought and obtained leave to amend their complaint to add 36 additional plaintiffs to assert FLSA claims, 25 of whom had been deposed in Mexico (Dkt. 26).

Defendant contends that the depositions taken after the state law claims were dismissed should not be taxed because Plaintiffs eventually dismissed the class claims, settled the under reporting claims of the named Plaintiffs and summary judgment was partially successfully obtained on the remaining *Arriaga* claims. As a result, Defendant points out that the depositions were never used for any court proceeding. Plaintiffs counter that it was important that the non-party witnesses be recorded on video for use at trial, that the depositions were properly noticed, and argue that the expenses of the videographer are therefore recoverable either under § 1920 or § 216(b).

Considering the unusual procedural posture of the case at the time the depositions were noticed and taken, Plaintiffs have not satisfactorily explained the necessity of having the depositions of the (then) non-party witnesses transcribed *and* videotaped, particularly those non-parties whose

depositions were taken on August 20-21, 2008, after the state law claims were dismissed. However, since the order dismissing the state law claims was rendered after the attorneys and videographer had traveled to Mexico for the July, 2008 depositions, Plaintiffs should recover the expenses associated with that travel.[4] Once the order dismissing the state law claims was rendered, however, it was not reasonable or necessary to videotape the non-party witnesses' depositions, even if they could have been used at trial to support the named Plaintiffs' testimony, and notwithstanding that Plaintiffs ultimately amended their complaint to add these 25 individuals as FLSA plaintiffs. The expense of videotaping foreign witness depositions is too costly to justify in this case, particularly considering that transcripts of their testimony were available, the expense of which the magistrate judge recommends be taxed.

The videotaping of the individual Plaintiffs is properly taxed, however, as Plaintiffs justifiably and reasonably desired to have the jury "hear and see" the Plaintiffs testify. Serrano Morales' deposition was taken on July 29, 2008. Rivera Santiago's deposition was not taken until August 20, 2008. The difficulty is that the expenses associated with taking the deposition of Rivera Santiago are not distinguishable from the expenses associated with the other individuals deposed on that day. As the expenses cannot be apportioned, I determine that in fairness, the videographer's travel expenses for those days is properly taxed, but that 1/3 of the videotaping fees should be taxed, representing Rivera Santiago's proportionate share of that expense.[5] Finally, it not appropriate to

---

[4] According to Plaintiffs' Bill of Costs, the expenses associated with the July, 2008 depositions total **$ 6,424.65** (Dkt. 58).

[5] The videographer's travel expense for August, 2008 was **$ 1,435.81** (Dkt. 58). One third of the video fee for August 20, 2008, the day on which Rivera Santiago was deposed, is **$ 578.33** (Id.).

tax the expense of converting the videos to a format for use at trial, considering the procedural track of the case after the depositions were taken, including that the case never reached a trial posture.

**Interpreter's travel expenses**

Plaintiffs object to the magistrate judge's recommendation not to tax the travel expenses of the court certified interpreter who traveled to Mexico for the depositions ($ 2,584.45). The magistrate judge recommended that the interpreter's compensation **($ 2,600.01)** be taxed, but agreed with Defendant that 28 U.S.C. § 1920 distinguishes between an interpreter's compensation and expenses (Dkt. 73, p. 11 n. 11). While the conclusion of the magistrate judge is certainly reasonable, considering the circumstances of this case, the interpreter's "compensation" necessarily includes her travel expenses, as itemized in Plaintiffs' Bill of Costs (Dkt 58, "includes travel and other compensation"). The interpreter's services were required, since the deponents spoke Spanish. This necessitated her travel to Mexico. The interpreter's compensation, including her time and expenses, are reasonable and necessary litigation costs, properly taxed under Rule 54(d) and 29 U.S.C. § 216(b). *See Suppa v. Costa Crociere, S.p.A.,* No. 07-60526-CIV, 2008 WL 4629078, at *3 (S.D. Fla. Oct. 17, 2008) (travel and parking expenses included in "compensation" of interpreter and properly taxed).

Other than as discussed above, the magistrate judge's Report and Recommendation (Dkt.73) is accepted and approved in all respects. The Report and Recommendation is modified to the extent that Plaintiffs shall recover an additional $11,038.80 in costs, which shall be taxed against Defendant.[6]

---

[6] Videographer travel and fees  ($1,435.81, $6,424.65, $578.33) and interpreter's expenses ($2,600.01).

Plaintiffs' Amended Application for Award of Attorney's Fees and Litigation Expenses

Pursuant to 29 U.S.C. § 216(b) (Dkt. 69) is **GRANTED** in part.  Plaintiffs are awarded $14,382.50

in attorneys' fees and $24,188.34 ($13,149.54 recommended by the magistrate judge and an

additional $11,038.80 as set forth above) in costs.

**DONE AND ORDERED** in Tampa, Florida, on this 27ᵗʰ day of July, 2010.

JAMES D. WHITTEMORE
United States District Judge

COPIES FURNISHED TO:
Counsel of record

8